IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KENNETH ROBERT BOTTOMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:13-CV-392-TMH |
| ) | [WO] |
| RUSSELL COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This *pro se* 42 U.S.C. § 1983 action was filed by Plaintiff on June 6, 2013. At the time he filed this complaint, Plaintiff was incarcerated at the Russell County Jail located in Phenix City, Alabama.

On June 10, 2013 the court entered an order of procedure directing Defendants to file an answer and written report to Plaintiff's complaint. The June 10 order also instructed Plaintiff to inform the court of any change in his address and cautioned him that his failure to comply with this requirement would result in a Recommendation that this case be dismissed. (*See Doc. No. 4, ¶8(h)*.)

On August 7, 2013 Plaintiff's copy of an order filed July 22, 2013 was returned to the court marked as undeliverable because Plaintiff is no longer incarcerated at the Phenix City Jail. This is the last known address the court has on file for Plaintiff. Consequently, the court entered an order on August 8, 2013 directing Plaintiff to provide the court with his present address on or before August 19, 2013. (*Doc. No. 12*.) Plaintiff was cautioned that his

failure to comply with the court's August 8 order would result in a recommendation that this case be dismissed. (*Id*.) Plaintiff's copy of the court's August 8 order was returned to the court on August 14, 2013 marked as undeliverable.

As it appears clear that Plaintiff is no longer residing at the most recent address he provided to the court and that he has not provided this court with a new address for service, the undersigned concludes that dismissal of the complaint is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that on or before **September 27, 2013** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of September, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE